IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

SPARTA, INC.,

    Plaintiff,

v.     Civil Action No. 1:16-cv-01079

DTC COMMUNICATIONS, INC.,

    Defendant.

## Memorandum Opinion

THIS MATTER comes before the Court on Defendant's Motion for Summary Judgment.

In November 2009, Sparta, Inc.[1] ("Plaintiff") entered into a written lease ("Master Lease") with Dulles Station East, LLC ("Landlord") for commercial property in a building with about 26,000 square feet located at 2303 Dulles Station Boulevard, Herndon, Virginia ("Building"). The Master Lease was scheduled to end on October 31, 2020, although Plaintiff could exercise an early termination option effective March 31, 2017 ("Early Termination Date"). There was a fee for exercising the option to terminate the Master Lease early.

---

[1] In June 2013, Sparta, Inc. merged into Parsons Government Services, Inc. with Parsons being the surviving entity. The Court uses "Plaintiff" to identify both Sparta and then Parsons as the surviving entity.

In November 2011, Plaintiff entered into a written sublease ("Sublease") with DTC Communications, Inc. ("Defendant") for approximately 9,620 square feet of the Building ("Subleased Premises"). Section 3(h) of the Sublease specifically allowed Defendant to terminate the lease early effective March 31, 2017, by providing notice not later than February 29, 2016. Unless explicitly excluded, all of the provisions in the Master Lease applied to the Sublease. See Sublease §1(a).

The Sublease did not contain any provision that specifically required Defendant to pay any portion of the early termination fee. Under Section 1(b) of the Sublease, the Defendant was bound by any included provision of the Master Lease that was applicable to the subleased premises and was an obligation of the Plaintiff under the Master Lease. Section 5.6.5 of the Master Lease, which was included in the Sublease, stated that: "Tenant's right to terminate this Lease pursuant to this Section 5.6 is and shall be personal to the Tenant, and may be exercised by the Tenant only . . . ."

In February 2016, Defendant decided to exercise its right to terminate the Sublease early. In March 2016, Plaintiff acknowledged Defendant's notice and informed Defendant that Plaintiff would also be terminating the Master Lease early. Plaintiff also demanded that Defendant pay a proportional share of the early termination fee. The total early termination fee

was $1,762,896.85. Plaintiff informed Defendant that its share of the early termination fee was $651,919.23 because that was proportional to the amount of space in the Building that Defendant was leasing. In April 2016, Plaintiff notified the Landlord that it was exercising the option to terminate early. Shortly after that, Defendant notified Plaintiff that it was not responsible for any part of the early termination fee.

On August 23, 2016, Plaintiff sued Defendant, alleging two counts: (1) a declaratory judgment that Defendant is obligated to pay a portion of the early termination fee; and (2) breach of contract by Defendant in refusing to pay a proportional share of the early termination fee. The parties filed cross-motions for summary judgment. Based on the above mentioned provisions in the Master Lease and the Sublease, Plaintiff argues that Defendant must pay its proportional share of the early termination fee because the provision requiring payment is an obligation under the Master Lease that applies to Defendant. Defendant argues that the ability to terminate the Master Lease early is an exclusive right of Plaintiff, so Defendant is not responsible for any portion of the early termination fee. On May 26, 2017, the Court heard oral argument on the motions for summary judgment, and the matter is now ripe for resolution.

Under Federal Rule of Civil Procedure 56, a court should grant summary judgment if the pleadings and evidence show that

there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, the court views the facts in the light most favorable to the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made, the opposing party has the burden to show that a genuine dispute of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

When a federal court is sitting in diversity jurisdiction, it must apply the substantive law of the forum, including the forum's choice-of-law rules. In Virginia, contractual choice-of-law provisions are given full effect unless there are unusual circumstances. Colgan Air, Inc. v. Raytheon Aircraft Co., 507 F.3d 270, 275 (4th Cir. 2007). Here, none of the unusual circumstances are present, and the contract provides that the Sublease and any issues arising from it shall be governed by Virginia laws. See Sublease §17(e). Thus, Virginia substantive law applies.

In a contract interpretation dispute, the first step under Virginia substantive law is to determine if the language of the contract is ambiguous. If not, the language of the contract controls the outcome and the court interprets the contract based

4

on the plain meaning of the words in the contract. See Schneider v. Cont'l Cas. Co., 989 F.2d 728, 732 (4th Cir. 1993)("If the text of the agreement is unambiguous, then the court is without authority to resort to extrinsic evidence in interpreting its meaning."). Under the plain language rule, the words in the contract are given their ordinary, usual, and popular meaning. See Babcock & Wilcox Co. v. Areva NP, Inc., 788 S.E.2d 237, 244 (2016). If the contract is ambiguous based on the plain meaning of the words, then a court should consider extrinsic evidence of the parties' intent. Schneider, 989 F.2d at 732.

Here, the Court must consider if the Sublease is ambiguous and then if the Master Lease is ambiguous on whether Defendant is obligated to pay a portion of the early termination fee. The language of the Sublease, read with its plain and ordinary meaning, does not provide any requirement that Defendant pay a portion of the early termination fee. The first relevant provision, Section 3(h), states that: "Sublessee shall have the right to terminate this Sublease effective March 31, 2017 by giving Sublessor notice thereof not later than February 29, 2016." This provision does not require Defendant to pay any portion of the early termination fee. To terminate early, Defendant must simply provide timely notice of its intent to terminate early. If Defendant terminates early, Plaintiff has the option to lease the Subleased Premises to another tenant.

5

Likewise, the other relevant provision of the Sublease, Section 3(i), states that: "In the event Sublessor elects to exercise its option to terminate the Master lease pursuant to Section 5.6 thereof, Sublessor shall give Sublessee notice thereof simultaneously with the giving of notice to Master Landlord under the said Section 5.6." Again, this provision of the Sublease does not require Defendant to pay any portion of the early termination fee. The Sublease does not state in any other provision that Defendant is responsible to pay any portion of an early termination fee. Thus, the plain language of the Sublease itself does not require Defendant to share in payment of the early termination fee.

Next, the Court turns to the relevant provisions of the Master Lease. Aside from the excluded provisions, a provision of the Master Lease is incorporated into the Sublease only if the provision is applicable to the Subleased Premises and is an obligation of the Plaintiff. Section 5.6.5 of the Master Lease states that: "Tenant's right to terminate this Lease pursuant to this Section 5.6 is and shall be personal to Tenant, and may be exercised by Tenant only . . . ." Based on a plain reading of this provision, Plaintiff has an exclusive right to exercise the option to terminate early. But, as admitted by Plaintiff in deposition, Plaintiff is not obligated to terminate the Master Lease early.

If Plaintiff chooses to exercise its right to terminate early, there is a condition precedent that Plaintiff must satisfy. To exercise its right to terminate early, Plaintiff must pay the early termination fee as required in Section 5.6.3, which states that: "It shall be a condition precedent to the effectiveness of any exercise by Tenant of the Termination Option under this Section 5.6 that Tenant pay to Landlord a termination fee." A plain reading of this provision does not require anyone other than the Tenant to pay the early termination fee. No other provisions of either the Master Lease or the Sublease plainly indicate that a portion of the early termination fee is a responsibility of a sublessee. Thus, the Master Lease is unambiguous in requiring Plaintiff to pay the early termination fee.

When both the Sublease and the Master Lease are read as a whole and every provision is given meaning, which is what the Court must do to properly interpret the contract, the plain language of the contract between Plaintiff and Defendant provides that Defendant may terminate the Sublease early without paying an early termination fee, and Defendant is not responsible for any portion of the early termination fee due if Plaintiff also terminates the Master Lease early. To terminate the Sublease early, Defendant must provide timely notice of its intent to terminate early. Upon receiving Defendant's notice of

its intent to terminate early, Plaintiff can also choose to terminate the Master Lease early but must pay the early termination fee or Plaintiff can continue the Master Lease and attempt to lease the Subleased Premises to another tenant. Thus, Defendant is not responsible for any portion of the early termination fee under the plain language of the contract.

Accordingly, having found that the contract is unambiguous and requires Plaintiff to pay the early termination fee to exercise its right to terminate early, the Court will not consider any extrinsic evidence of the contracting parties' intent. Therefore, the Court finds that summary judgment should be GRANTED in favor of the Defendants. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
June 26, 2017